UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

MATTHEW D WATKINS, :
    Petitioner :
 : CIVIL NO. 1:11-CV-1825
v. :
 : (Judge Caldwell)
DEBRA SAUERS, *et al.,* :
    Respondents :


M E M O R A N D U M

I.   *Introduction*

      The pro se petitioner, Matthew D. Watkins, III, an inmate at SCI-Forest, in Marienville, Pennsylvania, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Watkins is challenging his 2007 convictions in the Lycoming County Court of Common Pleas for robbery, criminal conspiracy to commit robbery, theft by unlawful taking or disposition, receiving stolen property, possessing instruments of crime, and simple assault. He was sentenced to an aggregate term of twelve to thirty-two years of imprisonment, to be followed by eight years of probation.

      Watkins asserts his petition is timely, but it appears to the court that he is mistaken. Respondents did not contest this issue in their answer, but since they only forfeited it rather than waived it, we may raise the timeliness issue *sua sponte*. *Day v. McDonough*, 547 U.S. 198, 202, 126 S.Ct. 1675, 1679-80, 164 L.Ed.2d 376 (2006); *United States v. Bendolph*, 409 F.3d 155, 166-67 (3d Cir. 2005) (en banc).

      However, before dismissing the petition on the basis of the statute of limitations, we must give Petitioner an opportunity to explain why his petition is timely. *Day*,

547 U.S. at 210, 126 S.Ct. at 1684.  Additionally, since we raise the issue after the answer was filed, prejudice to Petitioner must also be considered.  *Id.*, 126 S.Ct. at 1684.

II.     *Discussion*

    A.     *Statutory Framework*

A petitioner confined under a state-court judgment has one year to file a 2254 petition challenging the judgment.  *See* 28 U.S.C. §2244(d)(1).  As relevant here, the limitations period runs from the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id*.  This language applies to the right to seek discretionary review in state appellate courts and means that the judgment does not become final until the time period for seeking such review expires, even if review is not sought.  *See Swartz v. Meyers*, 204 F.3d 417, 421 (3d Cir. 2000).

The one-year federal limitations period is subject to both statutory and equitable tolling.  Statutory tolling for a federal habeas claim occurs during the time "a properly filed application for State post conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ."  *Id.*, § 2244(d)(2).  A properly filed state petition "is one submitted according to the state's procedural requirements, such as the rules governing the time and place of filing."  *Lovasz v. Vaughn*, 134 F.3d 146, 148 (3d Cir. 1998); *see also Pace v. DiGuglielmo*, 544 U.S. 408, 417, 125 S.Ct. 1807, 1814, 161 L.Ed.2d 669 (2005)(where the state court rejects petitioner's PCRA petition as untimely, the petition "was not 'properly filed' and [petitioner is] not entitled to statutory tolling under

§ 2244(d)(2)"). The filing of a federal habeas corpus petition does not toll the limitations period. *Duncan v. Walker*, 533 U.S. 167, 172-73, 121 S.Ct. 2120, 2124-25, 150 L.Ed.2d 251 (2001); *Slutzker v. Johnson*, 393 F.3d 373, 382 (3d Cir. 2004) ("[A]n application for federal habeas corpus review is not an 'application for State post-conviction or other collateral review' within the meaning of 28 U.S.C. ¶ 2244(d)(2)").

The limitations period may be subject to equitable tolling when the petitioner shows that he "has been pursuing his rights diligently," and yet "some extraordinary circumstances stood in his way and prevented timely filing." *Holland v. Florida*, ___ U.S. ___, ___, 130 S.Ct. 2549, 2562, 177 L.Ed.2d 130 (2010); *see also Sistrunk v. Rozum*, 674 F.3d 181, ___ (3d Cir. 2012) (also considering the possibility of equitable tolling by way of actual innocence).

More specifically, the Third Circuit has identified four circumstances in which equitable tolling is justified: (1) when the defendant has actively misled the plaintiff; (2) when the plaintiff has in some extraordinary way been prevented from asserting his rights; (3) when the plaintiff has timely asserted his rights, but has mistakenly done so in the wrong forum; or (4) when the claimant received inadequate notice of his right to file suit, a motion for appointment of counsel is pending, or where the court has misled the plaintiff into believing that he had done everything required of him. *Jones v. Morton,* 195 F.3d 153, 159 (3d Cir. 1999). *See also Urcinoli v. Cathel*, 546 F.3d 269, 273 (3d Cir. 2008).

    B.    *Calculation of Petitioner's Limitations Period*

Watkins' one-year statute of limitations for filing his 2254 petition began on December 17, 2007, the date on which his judgment became final because it was the date

he filed a praecipe with the Pennsylvania Superior Court to withdraw his direct appeal. *Commonwealth v. Watkins*, No. 567 MDA 2007 (Pa. Super. Ct.).[1]  Therefore, absent any tolling, he had until December 17, 2008, to timely file his § 2254 petition.

The limitations period ran for twenty-four days until January 10, 2008, when Watkins timely filed a state-court postconviction petition under the Pennsylvania Post Conviction Relief Act (PCRA), 42 Pa. Con. Stat. Ann. §§ 9541-9546 (West 2007 & Supp. 2012). *Commonwealth v. Watkins*, CP-42-0001965-2005 (Pa. Common Pleas Ct. - Lycoming Cnty.).  The state courts denied relief, culminating in the Pennsylvania Supreme Court's denial of allowance of appeal on July 26, 2010.  *Commonwealth v. Watkins*, No. 122 MAL 2010.  Thus, the limitations period was statutorily tolled from January 10, 2008, through July 26, 2010.  Thereafter, the limitations period began running again, and Watkins had 341 days from the Pennsylvania Supreme Court's denial of his petition for allowance of appeal, or until July 5, 2011, to file his federal habeas petition.[2]  However, Watkins did not file his 2254 petition until September 28, 2011, eighty-five days after the deadline, thereby making the petition untimely.[3]

In reaching this conclusion, we have taken into account Petitioner's reasons why his 2254 petition is timely, asserted in his 2254 petition.  (Doc. 1 ¶ 18).  There are two

---

[1] The state-court dockets are available through Pennsylvania's Unified Judicial Docket System docket research site at: http://ujsportal.pacourts.us/.

[2] The deadline actually expired on July 2, 2011, but that was a Saturday of a July 4th weekend, so the deadline expired on Tuesday, July 5, 2011.  *See* Fed. R. Civ. P. 6(a)(1)(C).

[3] The petition was docketed October 4, 2011, but Petitioner affirms he placed it in the prison mail system on September 28, 2011, so under the prison mailbox rule, we consider September 28 the filing date.  *See Longenette v. Krusing,* 322 F.3d 758, 761 (3d Cir. 2003).

of them. First, the limitations period was tolled for the ninety days Petitioner had to file a petition for a writ of certiorari in the United States Supreme Court from the state supreme court's order denying review in his PCRA proceedings. Thus, according to Petitioner, the limitations period did not begin running again until October 26, 2010, the expiration of that ninety-day period. Second, the limitations period was tolled again when he filed his first 2254 petition, on February 1, 2011, and did not start again until April 29, 2011, when we dismissed that petition at his request so that he could file an all-inclusive one. *See Watkins v. Commonwealth*, 1:11-0229 (M.D. Pa.) (Caldwell, J.). According to Petitioner, these additional periods of tolling extended his deadline to December 31, 2011, thereby making his petition timely when it was filed on September 28, 2011.

Neither reason has merit. The limitations period is not tolled for the ninety days that a petitioner has to seek certiorari review in the Supreme Court of a state-court decision denying postconviction relief. *Lawrence v. Florida*, 549 U.S. 327, 332, 127 S.Ct. 1079, 1083, 166 L.Ed.2d 924 (2007). And the limitations period is not tolled while a federal habeas corpus petition is pending. *Duncan, supra,* 533 U.S. at 172, 121 S.Ct. at 2124.

Even though Petitioner has already apparently stated all his reasons why the petition is timely, under *Day* and *Bendolph* we must nonetheless give him an opportunity to oppose our sua sponte invocation of the statute of limitations. His brief should also address any prejudice he has suffered because we have raised the issue after the answer was filed.[4]

---

[4] *Bendolph* indicates the prejudice analysis is threefold. First, we must consider "how late in the case the limitations issue was raised." 409 F.3d at 168. Second, we must determine if Petitioner "had sufficient opportunity to respond to the issue, once raised." 409 F.3d at 169.
(continued...)

We will issue an appropriate order.

      /s/ William W. Caldwell
William W. Caldwell
United States District Judge

Date: April 26, 2012

---

[4](...continued)
Finally, we must determine if the government acted in bad faith in regard to how the limitations defense was raised.  *Id.*

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

MATTHEW D WATKINS, :
    Petitioner :
      : CIVIL NO. 1:11-CV-1825
v. :
      : (Judge Caldwell)
DEBRA SAUERS, *et al.,* :
    Respondents :

*O R D E R*

AND NOW, this 26th day of April, 2012, it is ordered that:

  1. Within twenty-one (21) days of the date of this order, Petitioner may file a brief opposing the court's determination that the 2254 petition is time-barred. The brief shall also address any prejudice he has suffered from the court's raising of the timeliness issue.

  2. Respondents shall have fourteen (14) days from receipt of Petitioner's brief to file a reply brief.

          /s/ William W. Caldwell
          William W. Caldwell
          United States District Judge