UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MATTHEW D. WATKINS,<br>    Petitioner | :<br>:<br>: |
| vs. | : CIVIL NO. 1:11-CV-1825<br>:<br>: |
| DEBRA SAUERS, *et al.*,<br>    Respondents | :<br>:<br>:<br>: |

*M E M O R A N D U M*

*I.      Introduction*

On September 28, 2011, Petitioner filed the present motion for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On April 26, 2012, we *sua sponte* raised the issue of the timeliness of the petition and allowed Petitioner twenty-one (21) days to respond. Presently before the court is Petitioner's response, which argues that the statute of limitation should be tolled, and his petition should be considered timely.

*II.      Background*

In 2007, Petitioner was convicted in the Lycoming County Court of Common Pleas of robbery, criminal conspiracy to commit robbery, theft by unlawful taking or disposition, receiving stolen property, possessing instruments of crime, and simple assault. On March 30, 2007, Petitioner filed a notice of appeal, but later withdrew the appeal on December 17, 2007. On January 10, 2008, Petitioner filed a Post-Conviction Relief Act ("PCRA") petition in the state trial court. The trial court denied

relief, and the Pennsylvania Superior Court affirmed. The Pennsylvania Supreme Court denied the petition for allowance of appeal.

On February 1, 2011, Petitioner filed his first petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On April 11, 2011, we sent Petitioner an Order describing the limitations of filing subsequent 2254 petitions. On April 28, 2011, Petitioner moved to withdraw his first petition in order to later bring a more comprehensive, all-inclusive petition. On April 29, 2011, we granted Petitioner's request to withdraw his petition.

On September 28, 2011, Petitioner filed a second habeas petition. As explained in our April 26, 2012 Memorandum, this was eighty-five days following the expiration of the statute of limitations. On February 17, 2012, Respondents filed a response to the petition, but did not raise the statute of limitations. On April 26, 2012, we ordered Petitioner to file a brief opposing our determination that his petition is time-barred. Presently before the court is Petitioner's brief.

III.        *Discussion*

Petitioner does not dispute that his petition was not timely filed. Instead, he argues that Respondents waived the timeliness defense by failing to raise it in their Response. Alternatively, Petitioner asserts that the statute of limitations should be tolled.

*A. Respondents' Failure to Raise Timeliness*

Petitioner asserts that the statute of limitations defense is an affirmative defense that must be raised in the first responsive pleading. In support of this argument,

Petitioner cites Scott v. Collins, 286 F.3d 923 (6th Cir. 2002).  There, the Sixth Circuit Court of Appeals found "[t]o avoid waiver under the rules of pleading and to comply with the court order, respondent had to plead the § 2244(d) statute of limitations defense."  Id.  The Third Circuit, however, expressly rejected the Sixth Circuit's finding in United States v. Bendolph, 409 F.3d 155, 163 (3d Cir. 2005).  In Bendolph, the Third Circuit determined that a court may "raise *sua sponte* the AEDPA statute of limitations defense even after an answer has been filed."  Id. (citing Long v. Wilson, 393 F.3d 390, 404 (3d Cir. 2004)).  Given the express direction of the Third Circuit on this matter, Petitioner's argument lacks merit.

### B. Equitable Tolling

Next, Petitioner argues that the statute of limitations should be tolled.  A limitations period may be subject to equitable tolling when the petitioner shows that he "has been pursuing his rights diligently," and yet "some extraordinary circumstances stood in his way and prevented timely filing."  Holland v. Florida, __ U.S. __, 130 S. Ct. 2549, 2562, 177 L. Ed. 2d 130 (2010); see also Sistrunk v. Rozum, 674 F.3d 181 (3d Cir. 2012).  The Third Circuit has identified four circumstances in which equitable tolling is justified: (1) when the defendant has actively misled the plaintiff; (2) when the plaintiff has in some extraordinary way been prevented from asserting his rights; (3) when the plaintiff has timely asserted his rights, but has mistakenly done so in the wrong forum; (4) when the claimant received inadequate notice of his right to file suit, a motion for appointment of counsel is pending, or where the court has misled the plaintiff into

believing that he had done everything required of him.  Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999).

Petitioner argues that he lacked clear guidance regarding the statute of limitations set forth in 28 U.S.C. § 2244(d), because the language of Rule 3(c) of the Rule Governing Section 2254 Cases in the United States District Courts and § 2244(d) is ambiguous.  Rule 3(c) provides "the time for filing a petition is governed by 28 U.S.C. § 2244(d)."  28 U.S.C. § 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner argues that the language in § 2244(d)(2) is ambiguous and may be interpreted to mean that the statutory period is tolled during the time to seek a writ of certiorari in the United States Supreme Court, even if such a writ is not sought.  In Lawrence v. Florida, the Supreme Court found that the settled state of the law precluded equitable tolling,

4

because every circuit to have "address[ed] the issue agreed that the limitations period was not tolled by certiorari petitions." 549 U.S. 327, 336, 127 S. Ct. 1079, 166 L Ed. 2d 964 (2007). We find that the same reasoning applies here. The Third Circuit made clear "the time during which a state prisoner may file a petition for a writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition does not toll the one year statute of limitations under 28 U.S.C. § 2244(d)(2)." Stokes v. District Attorney of the County of Philadelphia, 247 F.3d 539, 542 (3d Cir. 2001). The law is settled on this issue, and Petitioner has failed to present an extraordinary circumstance that would permit equitable tolling.

Petitioner also contends that the language in § 2244(d)(2) may be interpreted to mean that the statutory period is tolled when a timely petition is filed in a district court. The Supreme Court has found that "§ 2244(d)(2) does not toll the limitation period during the pendency of a federal habeas petition." Duncan v. Walker, 533 U.S. 167, 181, 121 S. Ct. 2120; 150 L. Ed. 2d 251 (2001). With the law clearly settled on this issue, we find that Petitioner's argument that any perceived ambiguity in the statute constitutes an extraordinary circumstance allowing for equitable tolling to be without merit.

Petitioner argues that the Court provided inadequate notice of the applicable limitations deadline. In our April 11, 2011 Order, we advised Petitioner

> that 28 U.S.C. § 2244(d) sets forth a one-year statute of limitations for filing a 2254 petition. It also specifies periods of time that are not counted toward the limitations period. You should consult this section for when the one-year period starts to run. The limitations deadline may affect your

5

>decision to either stand on your current petition or file a new, comprehensive one.

(1:11-CV-220, doc. 4).  We further explained "If the petitioner decides to file an all-inclusive 2254 petition raising all grounds for relief, he should file that petition before the expiration of the one-year statute of limitations to insure protection of his rights."  Id.  Petitioner argues that we should have provided him with the exact date of the expiration of the statute of limitations.  In Pliler v. Ford, the Supreme Court addressed this issue, finding that "[e]xplaining the details of federal habeas procedure and calculating statutes of limitations are tasks normally and properly performed by trained counsel as a matter of course. Requiring district courts to advise a *pro se* litigant in such a manner would undermine district judges' role as impartial decisionmakers."  542 U.S. 225, 231, 124 S. Ct. 2441, 2446, 159 L. Ed. 2d 338 (2004).  Our April 11, 2011 Order instructed Petitioner as required by Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000) (requiring a district court to inform a pro so habeas petitioner that his claim may be ruled on as filed or withdrawn with the intent to filing an all-inclusive claim within the statutory period).  As explained by the Supreme Court in Pliler, we are unable to act as counsel and inform petitioners of the exact date the statute of limitations expires.  542 U.S. at 231.

>Petitioner also contends that the Court failed to give him adequate notice regarding the options other than dismissal of his first habeas petition.  Specifically, he contends that the court should have stayed the proceedings and allowed him to file an amended petition.  The stay-and-abeyance procedure involves "first, dismissal of any unexhausted claims from the original mixed habeas petition; second, a stay of the

remaining claims, pending exhaustion of the dismissed unexhausted claims in state court; and third, amendment of the original petition to add the newly exhausted claims that then relate back to the original petition." Pliler, 542 U.S. at 230-31.  In Pliler, the Supreme Court found that "federal district judges are not required to give *pro se* litigants" warning of the stay-and-abeyance procedure.  Id.  Thus, we disagree that our April 11, 2011 Order failed to give Petitioner sufficient notice.

Petitioner relies on United States v. Patterson for his assertion that he is entitled to equitable tolling as a result of the Court's dismissal of his first habeas petition. 211 F.3d 927 (5th Cir. 2000).  There, the Fifth Circuit Court of Appeals reversed a district court's dismissal of a second habeas petition.  Id.  The Court reasoned that the first petition should not have been dismissed to allow petitioner to bring an all-inclusive claim, because at the time of dismissal, any subsequent petition would be time-barred.  Id. at 932.  The facts in Patterson differ from those in the present case, because here Petitioner had two months following dismissal to file an all-inclusive petition.  Petitioner has not presented any extraordinary circumstances that prevented him from filing within the time limit prescribed in 28 U.S.C. § 2244(d) and is, therefore, not entitled to equitable tolling.

*C. Applicability of Federal Rule of Civil Procedure 15(c)*

Petitioner argues that Federal Rule of Civil Procedure 15(c) allows us to treat his second 2254 motion as an amendment to his first motion.  28 U.S.C. § 2242 provides that habeas petitions may be amended as provided by the rules in civil actions.

7

Rule 15 provides: "An amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading." FED. R. CIV. P. 15(c).  Rule 15 does not apply to the present case, because Petitioner did not seek to amend his first petition.  He withdrew the first petition and failed to follow the Court's instruction to file his second petition prior to the expiration of the statute of limitations.

### D. Prejudice to Petitioner

Having given Petitioner an opportunity to respond to our determination that his petition was untimely, we now consider the prejudice to Petitioner.  See Bendolph, 409 F.3d at 169.  We look first to how late into the case the issue of timeliness was raised by the Court.  Petitioner filed the present petition on September 28, 2011.  The government responded to the petition on February 17, 2012.  On April 26, 2012, we raised the issue of timeliness and allowed Petitioner twenty-one (21) days to respond.  Timeliness was not raised so late that Petitioner was prejudiced, because there is no evidence that he engaged in costly discovery or lost an opportunity to litigate elsewhere.  See id. (considering cost and opportunity to litigate in prejudice analysis).  Next, we look to whether Petitioner was given a sufficient opportunity to respond.  We allowed Petitioner twenty-one days to file a brief opposing our determination that his petition was time-barred.  He responded within two weeks of our Order.  We find Petitioner was given a sufficient opportunity to respond to the issue of timeliness.  Finally, we examine

whether the government acted in bad faith in its failure to raise the issue earlier.  We find no evidence in the record to suggest the government acted in bad faith.  Petitioner was not prejudiced by the Court raising the issue of timeliness, and his petition will be dismissed.

*IV.*         *Conclusion*

We will issue an order dismissing section 2254 petition as time-barred. The order will also deny a certificate of appealability, based on the analysis in this memorandum.  However, Petitioner is advised that he has the right for thirty (30) days to appeal our order denying his 2254 petition, see 28 U.S.C. § 2253(a); FED. R. APP. P. 4(a)(1)(A), and that our denial of a certificate of appealability does not prevent him from doing so, as long as he also seeks a certificate of appealability from the court of appeals. See FED. R. APP. P. 22; Local Rule of Appellate Procedure 22.1.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

MATTHEW D. WATKINS, :
    Petitioner :
 :
 vs. : CIVIL NO. 1:11-CV-1825
 :
 :
DEBRA SAUERS, *et al.*, :
    Respondents :
 :
 :

*O R D E R*

AND NOW, this 10th day of October, 2012, upon consideration of Petitioner's motion for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (doc. 1), and pursuant to the accompanying Memorandum, it is ordered that:

    1. The petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 motion is dismissed as time-barred.

    2. A certificate of appealability is denied.

    3. Petitioner's pending motions (docs. 30, 31, and 33) are DENIED as MOOT.

    4. The Clerk of Court shall close this file.

                                          /s/William W. Caldwell
                                          William W. Caldwell
                                          United States District Judge